8983 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for CP Ships (UK) Limited, Hapag Lloyd Container Line
Hapag Lloyd America, Inc., CPS Number 1
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERVICE-UNIVERSAL DISTRIBUTORS; INC., SERVICE LIQUOR DISTRIBUTORS, UNIVERSAL LIQUOR DISTSRIBUTORS, and their cargo insurers;<br><br>            Plaintiffs,<br><br>      - against -<br><br>M/V SYDNEY EXPRESS, M/V DRESDEN EXPRESS, their engines, tackles, boilers, etc.; CP SHIPS (UK) LIMITED; CP SHIPS; HAPAG LLOYD CONTAINER INE; HAPAG LLOYD AMERICA, INC.; CPS NUMBER 1;<br><br>            Defendants. | ECF CASE<br><br>07 CV 3389 (Judge Sweet)<br><br>**ANSWER TO COMPLAINT** |

Defendant CP Ships (UK) Limited; CP Ships; Hapag Lloyd Container Line; Hapag Lloyd America, Inc. and CPS Number 1 answer through their attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP the Complaint with civil docket number 07 CV 3389 (Judge Sweet) as follows:

1.    Admit this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure arising from a maritime contract and except where so

specifically admitted, denies each and every allegation contained in Paragraph "1" of Plaintiff's Complaint.

2.      Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Complaint.

3.      Admit Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns and except where so specifically admitted, denies each and every allegations contained in Paragraph "3" of Plaintiff's Complaint.

4.      Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Complaint.

5.      Deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "5" of Plaintiff's Complaint.

6.      Admit this action involves alleged damage, which defendants deny, to shipments carried in sealed containers CASU080299-1 and FBLU7310722-7 from Adelaide, Australia, to New York, with ocean carriage on board the M/V SYDNEY EXPRESS, voyage 6507N, and/or the M/V DRESDEN EXPRESS, voyage 087E as described more fully in CP Ships (UK) Limited bills of lading SYDPP009560 and SYDPP008570, both dated on or about March 31, 2006, and others.

7.      Deny each and every allegation contained in Paragraph "7" of Plaintiff's Complaint.

8.      Deny each and every allegation contained in Paragraph "8" of Plaintiff's Complaint.

9.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

10.     That said shipment as described in Plaintiff's Complaint is subject to all the terms and conditions and exceptions contained in certain bills of lading then there issued, by which the shipper and consignee of said bills of lading agree to be and are bound.

11.     Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

12.     Any shortage, loss and/or damage to the shipment in suit which Defendants specifically deny was due to causes for which the Defendants are not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved 16, April 1936, and/or Harter Act, and/or the provisions of the said bill of lading and the General Maritime Law and/or applicable foreign law.

## SECOND AFFIRMATIVE DEFENSE

13.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## THIRD AFFIRMATIVE DEFENSE

14.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(o) and (n), and by the terms of contract of carriage.

### FOURTH AFFIRMATIVE DEFENSE

15.     That if the goods in suit were damage, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(o) and (n), and by the terms of the contract of carriage.

### FIFTH AFFIRMATIVE DEFENSE

16.     Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

### SIXTH AFFIRMATIVE DEFENSE

17.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the Defendants are not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

18.     That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### EIGHTH AFFIRMATIVE DEFENSE

19.     That if Plaintiff cargo suffered any loss or damage, which Defendants deny, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier, is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2) (Q).

WHEREFORE, Defendants CP Ships (UK) Limited; CP Ships; Hapag Lloyd Container

Line; Hapag Lloyd America, Inc. and CPS Number 1 pray that the Complaint against them be

dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
      August 14, 2007

                         CICHANOWICZ, CALLAN, KEANE,
                         VENGROW & TEXTOR, LLP
                         Attorneys for the Defendant CP Ships (UK) Ltd.,
                         CP Ships, Hapag Lloyd Container Line,
                         Hapag Lloyd America, Inc., CPS Number 1

                            / s / Stephen H. Vengrow
                           Stephen H. Vengrow (SHV/3479)
                         61 Broadway, Suite 3000
                         New York, New York 10006
                         (212) 344-7042

TO:    David L. Mazaroli, Esq.
       Attorney for Plaintiff
       11 Park Place – Suite 1214
       New York, New York 10007-2801
       (212) 26708489

CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.    I am over the age of eighteen years and I am not a party to this action.

2.    On August 14, 2007, I served a complete copy of **Defendants CP Ships (UK) Limited,**

**Hapag Lloyd Container Line, Hapag Lloyd America, Inc., CPS Number 1 Answer to**

**Complaint** by ECF to the following attorney at his ECF registered address and by regular U.S.

mail at the following address:

>   David L. Mazaroli, Esq.
>   Attorney for Plaintiff
>   11 Park Place – Suite 1214
>   New York, New York 10007-2801


>                               / s / Patrick Michael DeCharles, II
>                               Patrick Michael DeCharles, II


DATED:        August 14, 2007
              New York, New York